**In re Petition for Disciplinary Action against David V. ANDERLEY, an Attorney at Law of the State of Minnesota.**

No. C5–91–801.

Supreme Court of Minnesota.

June 7, 1991.

ORDER

The Lawyers Professional Responsibility Board, through its Director, has filed with the Court a petition alleging that respondent, David V. Anderley, carried out a scheme to defraud a client, the said scheme involving fabrication of a claim, forgery, and misappropriation of client funds, and that respondent regularly commingled personal funds with client funds. In conjunction with those proceedings, the Director has filed a petition, pursuant to Rule 16, Rules of Lawyers Professional Responsibility, seeking an order temporarily suspending respondent from the practice of law pending the final determination of the disciplinary proceedings.

Since the commencement of the disciplinary proceedings, respondent has admitted the fraud, forgery, and misappropriation of funds, representing in mitigation and explanation of his misconduct that he is an alcoholic and is presently undergoing treatment therefor. Considering the extent and seriousness of the admitted misconduct, "it would be inappropriate, pending final determination of disciplinary proceedings, to hold out the Respondent as an attorney who poses no risk of injury to the public and who is entitled to the unquestioned trust and confidence of clients, judges, and lawyers * * *." *In re Okerman,* 298 N.W.2d 28, 29 (Minn.1980).

The Court, having considered all of the facts and circumstances surrounding this matter, the petitions of the Director, and the arguments of counsel, NOW ORDERS:

1. That the respondent, David V. Anderley, is hereby temporarily suspended from the practice of law pending final determination of these disciplinary proceedings, pursuant to Rule 16, Rules of Lawyers Professional Responsibility.

2. That respondent shall, within 10 days of the date of this order, notify each of his clients of his inability to continue representation of the client and shall otherwise fully comply with the provisions of Rule 26, Rules of Lawyers Professional Responsibility.